12-2712-ag
Chen v. Holder

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fourteen.

PRESENT:   REENA RAGGI,
                    DENNY CHIN,
                    CHRISTOPHER F. DRONEY,
                            *Circuit Judges*.
-----------------------------------------------------------------------
ZI XIN CHEN,
                            *Petitioner*,

                    v.                                                          No. 12-2712-ag

ERIC H. HOLDER, JR., United States Attorney General,
                            *Respondent*.
-----------------------------------------------------------------------

FOR PETITIONER:                        Richard Tarzia, Esq., Belle Mead, New Jersey.

1

FOR RESPONDENT:    Stuart F. Delery, Principal Deputy Assistant Attorney General, Civil Division; Lyle Jentzer, Senior Counsel for National Security, Office of Immigration Litigation; Alison Marie Igoe, Senior Counsel of National Security, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

Petition for review of a Board of Immigration Appeals order denying petitioner's application for asylum and withholding of removal.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order issued on June 15, 2012, is GRANTED, the order is VACATED, and the case is REMANDED.

Petitioner Zi Xin Chen, a native and citizen of China, seeks review of a Board of Immigration Appeals ("BIA") order affirming the November 23, 2010 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum and withholding of removal based on a professed fear of forced sterilization in China given the birth of his two children in the United States.  See In re Zi Xin Chen, No. A089 922 507 (B.I.A. June 15, 2013), aff'g No. A044 708 141 (Immig. Ct. N.Y.C. Nov. 23, 2010). Although the IJ's decision was based on the untimeliness of Chen's application and his failure to meet his burden for withholding of removal, as well as his own assistance in the persecution of persons who failed to adhere to China's reproduction limits while a member of the Chinese army, the BIA relied only on the persecutor bar in the affirmance, not reaching the other two grounds for decision.  Accordingly, while Chen faults the IJ's

2

reasoning in general, we review only the application of the persecutor bar relied on by the BIA. See Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005). We review de novo the legal question of whether petitioner's undisputed acts rendered him a "persecutor" under the Immigration and Nationality Act. See, e.g., Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008); Xu Sheng Gao v. U.S. Att'y Gen., 500 F.3d 93, 98 (2d Cir. 2007). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings which we reference only as necessary to explain our decision to vacate and remand.

In the Refugee Act of 1980, Congress exempted from the definition of a "refugee" eligible for asylum or relief from removal an alien who "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i). In Zhang Jian Xie v. INS, 434 F.3d 136 (2d Cir. 2006), this court concluded that whether an alien was forced to assist in persecution was irrelevant to application of this persecutor bar because "in assessing the character of an individual's conduct, we look[] not to the voluntariness of the person's actions, but to his behavior as a whole." Id. at 142–43. In reaching this conclusion, we relied on Fedorenko v. United States, 449 U.S. 490 (1981), in which the Supreme Court rejected involuntariness as a defense to assistance in persecution under the Displacement of Persons Act of 1948. See Zhang Jian Xie v. INS, 434 F.3d at 141.

3

More recently, in Negusie v. Holder, 555 U.S. 511 (2009), the Supreme Court held that the BIA erred in construing Fedorenko to prohibit recognition of a duress exception to the persecutor bar applicable to §§ 1158(b)(2)(A)(i) and 1231(b)(3)(B)(i). In Negusie, an alien who was himself physically abused by Eritrean officials, before and after being forcibly conscripted into the Eritrean army, was denied asylum based on his actions guarding prisoners themselves subject to persecution on a protected ground. See Negusie v. Holder, 555 U.S. at 522–23. In vacating, the Supreme Court explained that the Displaced Persons Act at issue in Fedorenko differed from the Refugee Act in structure, language, and purpose, rendering Fedorenko's categorical rejection of a voluntariness exception in the former context not necessarily applicable in the latter. See id. at 522 (holding that "BIA is not bound to apply the Fedorenko rule that motive and intent are irrelevant to the persecutor bar . . . [under § 1158(b)(2)(A)(i) and § 1231(b)(3)(B)(i)]"). Accordingly, the Court remanded Negusie's case for further proceedings, including agency interpretation of the Refugee Act's persecution bar independent of Fedorenko. See id. at 523–24.

Neither the BIA nor the IJ references Negusie or Fedorenko in subjecting Chen to the persecutor bar. In such circumstances, we cannot review the agency's decision. Chen states with support from the record below that his military service, and, therefore, his participation in any persecutive enforcement of China's reproductive limits were

4

compulsory.[1]  But without knowing whether the agency construes the Refugee Act to admit a duress exception to its persecutor bar, we cannot know whether we are reviewing solely a question of law, to which we might owe Chevron deference, or an application of facts to an agency interpretation of law that recognizes some exception.  In such circumstances, the appropriate disposition is to remand for the BIA to clarify or reconsider its persecutor holding in light of Negusie or to review and rule on the IJ's alternative grounds for denial.  See Negusie v. Holder, 555 U.S. at 517 ("When the BIA has not spoken on a matter that statutes place primarily in agency hands, our ordinary rule is to remand to give the BIA the opportunity to address the matter in the first instance in light of its own expertise." (internal quotation marks and citation omitted)); I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002) ("[T]the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (internal quotation marks omitted)).

---

[1] The Government contends that Chen has abandoned the argument by raising it only "in passing," Respondent's Br. 20 n.9, but we find that the issue was adequately raised.

For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, Clerk of Court